IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-260-S |
| | § | |
| REGINA MARIE OERTWIG MORALES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order dated October 12, 2021, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on September 22, 2021 [Dkt. No. 5] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 10.

Defendant Regina Marie Oertwig Morales personally appeared in person and through counsel for a final revocation hearing on November 30, 2021.

After consideration of the filings, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

## Background

Defendant Regina Marie Oertwig Morales was sentenced to a sentence of 135 months custody (later reduced to 90 months), followed by a 5-year supervised release term, for violating 21 U.S.C. § 846.

Defendant began her term of supervised release on March 17, 2020. Jurisdiction was transferred to this district on June 3, 2021. *See* Dkt. No. 1.

### A.    Alleged Violations

On September 21, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following, including three violations:

> The probation officer believes that the person under supervision violated the following conditions:

> **Previous Court Notifications**
> On June 2, 2021, the Court was notified of Mrs. Morales violations of supervised release when she allegedly committed the offense of Possession of a Controlled Substance Penalty Group 1 < 1 Gram. As such, it was respectfully requested Jurisdiction be transferred from the Eastern District of Texas, Sherman Division, to the Northern District of Texas, Dallas Division. The Court accepted Jurisdiction on June 3, 2021. This violation as well as additional violations are included in the report below.
> On July 28, 2021, a Request for Modifying the Conditions or Term of Supervision with Consent of the Person Under Supervision was submitted, wherein the Court was notified of Mrs. Morales' violations of supervised release when she (1) used illegal substances, namely methamphetamine and (2) failed to submit to drug urinalysis as instructed. It was respectfully recommended and granted by the Court that
> Mrs. Morales' conditions of supervise release be modified to include participation in mental health treatment.

### I.

### Violation of Mandatory Condition No. 1
You must not commit another federal, state, or local crime.

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Standard Condition No. 3**
You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer.

**Nature of Noncompliance**
On May 6, 2021, Mrs. Regina Marie Oertwig Morales violated these conditions of supervised release when she operated a motor vehicle while intoxicated in a public place and possessed an illegal controlled substance, as evidenced by her arrest by officers with the Denton, Texas, Police Department (DPD) for Possession of a Controlled Substance Penalty Group 1 < 1 Gram, a State Jail Felony, in violation of the Texas Health and Safety Code § 481.115(b); and Driving While Intoxicated - 2nd, a Class B misdemeanor, in violation of Texas Penal Code § 49.04(a).

Denton, Texas is located in the Eastern District of Texas, and Mrs. Morales did not have permission of the court or probation officer to leave the Northern District of Texas.

According to the incident report, on May 6, 2021, DPD Officers observed Mrs. Morales, who was identified as the sole occupant, sitting in the driver's seat of a vehicle that had stopped in a lane of travel for an interstate entrance ramp.

After requesting Mrs. Morales to move her vehicle to a safer location, DPD Officers noted she hit the parking median several times as she attempted to park her vehicle. In speaking with Mrs. Morales, officers observed her speech was slightly delayed and seemed to have difficulty remember what took place. DPD Officers then instructed Mrs. Morales to exit the vehicle to perform a standardized field sobriety test. Consequently, Mrs. Morales was taken into custody without incident. Before placing her in the patrol unit, DPD Officers searched Mrs. Morales and located a folded paper towel in her front pocket, which contained a small green clear bag with a white crystal-like substance. A field test was completed on the substance by DPD Officers and it rendered a presumptive positive result for the presence of methamphetamine. Mrs. Morales was transported to the Denton, Texas Jail. Shortly thereafter, on May 7, 2021, Mrs. Morales posted bond.

## II.

**Violation of Special Condition**
The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office,

until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with the treatment and testing.

### Nature of Noncompliance

Mrs. Morales violated this condition of supervised release by failing to attend her scheduled outpatient treatment groups and/or individual sessions at Homeward Bound Incorporated (HBI), a contract vendor, in Dallas, Texas as directed on August 6, 2021; August 13, 2021; August 20, 2021, August 27, 2021; September 3, 2021; September 10, 2021; and September 17, 2021.

Mrs. Morales violated this condition of supervised release by failing to submit urine specimens at HBI, as instructed on May 20, 2021; May 26, 2021; July 6, 2021; July 12, 2021; July 15, 2021; August  5, 2021; August  5, 2021; August 16, 2021; August 25, 2021; September 2, 2021; September 8, 2021, and September 14, 2021.

### III.

### Violation of Special Condition

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Mrs. Morales violated this condition by failing to attend her scheduled mental health assessment at Centro De Mi Salud (CDMS), a contract vendor, in Dallas, Texas, as directed on August 3, 2021; August 31, 2021; September 8, 2021, and September 20, 2021.

### Personal History

Regina Morales began her term of supervised release on March 17, 2020, in the Northern District of Texas, Dallas Division. Mrs. Morales presently resides with her father, Conrad Oertwig, in Dallas, Texas. Upon commencement of supervision, Mrs. Morales began working for Tax Mart Express, in Dallas, Texas, on March 18, 2021.

At the onset of supervision, Mrs. Morales was referred to HBI, for supportive outpatient substance abuse treatment and random drug testing. Mrs. Morales completed treatment on June 30, 2020.

In September 2020, Mrs. Morales began testing positive for methamphetamine. On September 11, 2020, Mrs. Morales submitted a urine specimen at HBI, which tested positive for amphetamines. Subsequently, on September 29, 2020, Mrs. Morales denied the use of illegal substances;

however, on October 4, 2020, Alere Toxicology, Incorporated, a contract vendor, in Gretna, Louisiana, confirmed the urine specimen positive for methamphetamine.

Beginning October 2020 through early January 2021 and May 2021 until present time, Mrs. Morales failed to submit to numerous random drug urinalyses. During this time, Mrs. Morales reported she was experiencing symptoms of the Coronavirus Disease (COVID-19) and/or interacted closely with individuals who tested positive for the virus. On account of this, Mrs. Morales had scheduled, in total, approximately twenty (20) COVID-19 tests; however, she had only submitted to approximately fifteen (15) COVID-19 tests, which nine (9) yielded a negative result for the virus.

Once more, in response to her state arrest, Mrs. Morales was referred to HBI for bi-weekly supportive outpatient substance abuse treatment, in addition to, participation in the drug surveillance program.

Subsequently, on July 14, 2021, U.S. Probation Officer Desiree Masga (USPO Masga) met with Mrs. Morales, wherein she admitted to ingesting methamphetamine monthly beginning January 18, 2021 through July 11, 2021. Mrs. Morales conveyed she used methamphetamine when she felt depressed. In response to her noncompliance, USPO Masga utilized Staff Training Aimed at Reducing Rearrest (STARR), an evidence-based program used to reduce risk and recidivism by using behavioral strategies, to help assist and encourage Mrs. Morales to make positive decisions and refrain from engaging in future criminal activities, such as illicit drug use. Moreover, her treatment plan with HBI and the frequency of her random drug testing was increased to monitor and aid her sobriety efforts. Mrs. Morales acknowledged she made a poor decision and recognized the potential negative consequences of her actions. With the assistance of USPO Masga, Mrs. Morales was able to identify alternative prosocial activities and associations, which she agreed to utilize, that would assist in deterring and minimizing her risk of relapse. Moreover, Mrs. Morales consented to modify her conditions of supervised release to include she participate in mental health treatment and she was referred to Centro De Mi Salud (CDMS) to complete a mental health assessment. On July 19, 2021, Mrs. Morales was notified of her scheduled mental health assessment with CDMS on August 3, 2021.

On August 3, 2021, Mrs. Morales missed her scheduled mental health assessment. Her mental health assessment was rescheduled to August 31, 2021, which she also missed. Despite being notified and reminded of her scheduled appointments, Mrs. Morales failed to attend her rescheduled mental health assessments on September 8, 2021 and September 20, 2021.

Dkt. No. 5 at 1-4.

On September 22, 2021, the Court issued a summons for Defendant. *See id.* at

5; Dkt. No. 6.

On November 10, 2021, the supervising USPO submitted an addendum to the

Petition, alleging the following additional violations:

> Since the Protect Act Supervised Release Petition for Person Under Supervision was filed on September 22, 2021, Regina Marie Oertwig Morales has further violated her conditions of supervised release as follows:

## II.

### Violation of Special Condition
The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with the treatment and testing.

### Nature of Noncompliance
Mrs. Regina Morales violated this condition of supervised release by failing to submit urine specimens at Homeward Bound Incorporated, as instructed on November 2, 2021; November 3, 2021; and November 5, 2021.

## IV.

### Violation of Mandatory Condition No. 1
You must not commit another federal, state, or local device.

### Violation of Mandatory Condition No. 2
You must not unlawfully possess a controlled substance.

### Violation of Mandatory Condition No. 3
You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Nature of Noncompliance
Mrs. Morales violated these conditions of supervised release by using methamphetamine, an illegal controlled substance, in or about November 2021. On November 5, 2021, Mrs. Morales admitted, verbally and in writing,

to U.S. Probation Office Lisa Evans to smoking methamphetamine on or about November 2, 2021.

Ms. Morales violated these conditions of supervised release by committing the offense of Falsification of Drug Test Results, in violation of Texas Health and Safety Code § 481.133, a Class B misdemeanor, at the U.S. Probation Office against the peace and dignity of the State of Texas. On November 5, 2021, during the urinalysis collection process, Mrs. Morales used and possessed a device containing fluid, similar to the consistency and color of urine, for the purpose of falsifying her drug test. The device was detected and confiscated by U.S. Probation Officer Monica Villegas.

**_The additional violation conduct DOES NOT affect the Statutory Provisions or Chapter 7 Violation Computations previously reported._**

Dkt. No. 14 at 1-2.

The Court that same day ordered that "[t]he additional violations be added to the Probation Form 12C order filed on September 22, 2021." *Id.* at 3. On November 15, 2021, Defendant appeared with counsel and with the government's counsel for a final hearing, but the parties requested that the Court continue the hearing to November 18, 2021, which the Court did.

On November 17, 2021, Defendant filed a Notice of Intent Regarding Revocation Hearing, stating:

REGINA MARIE OERTWIG MORALES (Ms. Morales), defendant, by and through her counsel of record, Assistant Federal Public Defender, Maria Torres Chin submits this Defendant's Notice of Intent in connection with the supervised release revocation hearing scheduled for November 18, 2021, before the Honorable United States Magistrate Judge David Horan.

To the allegations set forth in the Petition for Offender Under Supervision, dated September 22, 2021 (Dkt. No. 5), Ms. Morales intends to plea TRUE to allegations II, and III, violations of special conditions. The government has agreed not to proceed on allegation I as it involves a pending state charge. To the Addendum filed on November 10, 2021 (Dkt. No. 14), she admits to the allegations.

**Chapter 7 Violation Computations**

**Violation Grade:** C                    USSG § 7Bl.l(a)(3)(B), p.s. & 7B1.3(a)(2) &(c)(l), p.s.

**Criminal History Category:** III     USSG §7B1.4(a), p.s.
**Imprisonment Range:** 5-11 months     USSG §7B1.4(a), p.s.
**Fine:** None                    USSG §3B1.3(d), p,s,

     The government has agreed not to proceed on allegation I. However, the Chapter 7 policy statements are the same for both allegations.

## RECOMMENDED DISPOSITION

     Undersigned counsel and the government recommend to the Court a terminal disposition to include a term of incarceration of six (6) to eight (8) months. Both parties agree that a further term of supervised release is not warranted. The parties believe that this is a fair disposition and in accordance to 18 U.S.C. §3583(e).

     Ms. Morales began her term of supervised release on March 17, 2020. She completed one year of supervised release without any issues. She completed her HBI outpatient substance abuse treatment on June 30, 2020. It is worth noting that at the age of thirty, Ms. Morales was diagnosed with a seizure disorder, after a brain injury resulting from a motor vehicle accident when she was 23 years old. While at BOP, she was prescribed Levetiracetam to prevent seizures. Her BOP medical records note that she has recurring nightmares related to her accident. BOP medical records also show that she was prescribed Zoloft to treat anxiety. Furthermore, Ms. Morales was the victim of domestic violence abuse at the hands of her husband prior to his incarceration. Ms. Morales has not been taking her medication as her insurance lapsed.

     Ms. Morales's failure to comply with her conditions of supervised release involve complicated medical (physical and psychiatric) diagnoses combined with addiction issues. USPO Masga has provided the services that are available in the Northern District of Texas; unfortunately, Ms. Ortiz has not been able to benefit from these services.

     In Chapter 7 of the United States Sentencing Commission Guideline Manual (USSG), the Commission promulgated "[] that the purpose of supervision for probation and supervised release should focus on the integration of the violator into the community . . ." USSG §7A4. To facilitate this integration, services are provided to aid individuals to successfully transition from prison life into community life. The Commission followed Congress's intent. In *Johnson v. United States*, the Court explained:

          Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. The Senate Report was quite explicit about this, stating that the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for

> punishment or other purposes but still needs supervision and training programs after release." S. Rep. No. 98-225, p. 124 (1983).

*Johnson v. United States*, 529 U.S. 694, 709 (2000).

> The purpose of supervised release is to be rehabilitative. Congress did not intend supervised release to serve a punitive interest. In this case, the question is, whether the United States Probation Officer (USPO) can provide additional services to aid in Ms. Morales's rehabilitation. A review of Ms. Morales's medical condition, involving a past brain injury, makes it difficult for her to benefit from the services offered. Undersigned counsel opines that Ms. Morales is in need of a multidisciplinary medical team that can coordinate a medical, psychiatric, and substance abuse treatment plan for Ms. Morales. This is best accomplished in a private setting and not during a term of supervised release.
>
> Undersigned counsel conferred with USPO Masga regarding the parties' agreement for disposition. Officer Masga indicated that she is in agreement with the parties' proposed disposition.

Dkt. No. 17 at 1-3.

On November 18, 2021, Defendant's counsel and the government's counsel appeared for the final revocation hearing, reset from November 15, 2021, but Defendant did not appear. After hearing counsel's views on how to proceed, the undersigned then issued a bench warrant to secure Defendant's appearance for a final revocation hearing on the next date on which the Court is available to conduct it.

The Court again set the hearing for November 19, 2021, and Defendant's counsel informed Defendant of the rescheduled hearing and conveyed instructions for her to report to her Probation Officer. But, on November 19, 2021, Defendant's counsel and the government's counsel appeared for the final revocation hearing, reset from November 18, 2021, but Defendant did not appear.

Defendant was arrested days later and, along with her counsel and the government's counsel, appeared for the final revocation hearing on November 30,

2021. At the hearing, the Court found that Defendant knowingly and voluntarily waived her right to a detention and preliminary hearing as to whether she should be detained pending a final determination on revocation by Judge Scholer and ordered her detained under 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6).

## B.    <u>Revocation Hearing</u>

At the final revocation hearing on November 30, 2021, after her consents and competence were established, Defendant testified under oath that she understood the violations alleged in the Petition and Addendum and the range of punishment for those violations. She understood that she had the right to plead not true and have a hearing concerning whether she committed those violations. Defendant knowingly and voluntarily consented to enter her plea to the violations alleged in the Petition before a United States Magistrate Judge and waived any right to allocute before the district judge before sentence is imposed.

Defendant agreed to – and did – plead true to the alleged violations numbered II and III in the Petition and to the alleged violations in the Addendum, including the alleged violations numbered IV, and the government agreed not to pursue the alleged violations numbered I in the Petition.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel urged the Court to impose 6 months with no additional supervised release. The government urged that Defendant be revoked and sentenced

to 6 to 8 months with no additional supervised release. Defendant herself expressed remorse and took responsibility for her actions.

At the conclusion of the hearing, the undersigned orally recommended that Judge Scholer accept Defendant's pleas of true to the alleged violations numbered II and III in the Petition and to the alleged violations in the Addendum, that Judge Scholer accept the government's agreement not to pursue the alleged violations numbered I in the Petition, that Judge Scholer find that Defendant violated her supervised release conditions as alleged by the violations numbered II, III, and IV in the Petition and Addendum, that Defendant's terms of supervised release be revoked, and that Defendant be sentenced to an term of imprisonment of 6 months with no term of supervised release and with credit for time served. And Defendant was advised of her right to object to these recommendations to Judge Scholer.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such

offense is a class B felony, more than 2 years in prison if such offense is
a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;
(2) the need for the sentence imposed--
***
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational
    training, medical care, or other correctional treatment in the most
    effective manner;
***
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable
    category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section
        994(a)(1) of title 28, United States Code, subject to any
        amendments made to such guidelines by act of Congress
        (regardless of whether such amendments have yet to be
        incorporated by the Sentencing Commission into amendments
        issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on
        the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the
    applicable guidelines or policy statements issued by the Sentencing
    Commission pursuant to section 994(a)(3) of title 28, United States
    Code, taking into account any amendments made to such guidelines or
    policy statements by act of Congress (regardless of whether such
    amendments have yet to be incorporated by the Sentencing
    Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2)
    of title 28, United States Code, subject to any amendments made to
    such policy statement by act of Congress (regardless of whether such
    amendments have yet to be incorporated by the Sentencing
    Commission into amendments issued under section 994(p) of title 28);
    and
    (B) that, except as provided in section 3742(g), is in effect on the date
    the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered II, III, and IV in the Petition and Addendum, Defendant has violated her conditions of supervised release, and revocation of her supervised release is mandatory based on possession of a controlled substance and refusal to comply with drug testing. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and failure to comply with drug testing, the Court should not, in its discretion, apply this exception where Defendant has already completed drug treatment and yet against tested positive for illegal drug use a few months later and has even recently attempted to evade drug testing through the use of a device. Because Defendant has been unwilling or unable to follow her conditions of supervised release and resumed involvement in illegal drug use, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address her violations.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 5 years. *See* Dkt. No. 5 at 4 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, she is subject to a violation grade of C and a criminal history category of III, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 5-11 months. Defendant may also be placed back on supervised release

following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 4 at 5 (citing 18 U.S.C. § 3583(h)). Defendant is subject to a maximum term of supervised release of up to 5 years, minus any revocation sentence. *See id.*

Here, a sentence of 6 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in 18 U.S.C. § 3583(e)(3) and set forth in 18 U.S.C. § 3553(a). Defendant has a history of failing to comply with her conditions of supervision, and it does not appear she is able to change her behavior while on supervision or with the benefit of the services that the probation office can offer. A sentence at the low end of the guideline range will serve to deter future criminal activity and assist Defendant with learning from and avoiding further problematic behavior in the future. And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## Recommendation

Defendant Regina Marie Oertwig Morales's term of supervised release should be revoked, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 6 months with no additional term of supervised release and with credit for time served. And, as requested by Defendant's

counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FMC Carswell or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE